**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DAVID LEE, | : | CIVIL ACTION NO. |
| Alien # A018-949-107, | : | 2:11-CV-00014-RWS-SSC |
|     Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| WARDEN STACEY N. STONE, | : | PRISONER HABEAS CORPUS |
| North Georgia Detention Center, | : | 28 U.S.C. § 2241 |
| DIRECTOR JOHN MORTON, | : | |
| U.S. Immigration and Customs | : | |
| Enforcement, | : | |
| DIRECTOR FELICIA SKINNER, | : | |
| Atlanta Field Office, Immigration and | : | |
| Customs Enforcement, | : | |
|     Respondents. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

While detained at the North Georgia Detention Center in Gainesville, Georgia, Petitioner David Lee filed a 28 U.S.C. § 2241 habeas corpus petition challenging his detention without bond by the Atlanta Field Office of the Bureau of Immigrations and Customs Enforcement ("ICE").[1]  [Doc. 1].  Now before the Court are the petition [Doc. 1]; Mr. Lee's Emergency Motion for Hearing and Adjudication of His Habeas Petition [Doc. 4]; Respondent Stone's Motion to Dismiss [Doc. 8] and Mr. Lee's response [Doc. 9]; and Respondents Felicia Skinner and John Morton's Motion to Dismiss [Doc. 10] and Mr. Lee's response [Doc. 11].

**I.    The Petition**

---

[1] The Court has learned that Mr. Lee was later transferred to the Irwin County Jail in Ocilla, Georgia, still under ICE's authority.

In his habeas petition filed with the assistance of counsel on January 24, 2011, Mr. Lee claims that his continuing detention without bond violates the Due Process Clause of the Fifth Amendment, both procedurally and substantively. (Doc. 1 at 6-7, 11).[2]  Mr. Lee is a fifty-year-old native of Canada and has been a permanent resident of the United States since 1969. (Id. at 4-5).  He was convicted of sexual battery in North Carolina on December 1, 2010.  (Id. at 16-17). Immediately thereafter, ICE agents arrested and detained him. (Id. at 5).  Mr. Lee is charged with being removable from the United States because he was convicted of "sexual abuse of a minor," defined in the Immigration and Nationality Act ("INA") as an "aggravated felony."  (Id.; see 8 U.S.C. § 1101(a)(43)(A)); 8 U.S.C. § 1227(a)(2)(A)(iii)[3]).  According to Mr. Lee, ICE is holding him without bond "under the false premise that [he is] subject to mandatory detention under . . . 8 U.S.C. § 1226(c)."[4]  (Doc. 1 at 6).

Mr. Lee contends, on the contrary, that his crime of conviction cannot be

---

[2] The citations to the record are to the pagination in the Court's CM/ECF system.

[3] 8 U.S.C. § 1227(a)(2)(A)(iii) provides:  "Aggravated felony.  Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1101(a)(43)(A) defines "aggravated felony," for purposes of the INA, as "murder, rape, or sexual abuse of a minor."

[4] 8 U.S.C. § 1226(c)(1)provides in pertinent part that "[t]he Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]."

AO 72A
(Rev.8/82)

classified as sexual abuse of a minor under the INA because the North Carolina statute making sexual battery a misdemeanor offense does not contain as an element a requirement that the victim be a minor and indeed does not mention minors at all. (Id. at 7-10).[5] "Therefore," Mr. Lee argues, "because [his] single conviction for misdemeanor sexual battery under N.C. Gen. Stat. § 14-27.5A cannot be an aggravated felony, he is not subject to mandatory detention under INA § 236(c) [8 U.S.C. § 1226(c)] or even removable from the United States under INA § 101(a)(43)(A) [8 U.S.C. § 1101(a)(43)(A)] and is thus being detained unlawfully and has been since December 1, 2010." (Id. at 11). Mr. Lee seeks, *inter alia,* an order compelling his immediate release from custody. (Id. at 12).

II.    **Procedural History**

---

[5] N.C. Gen. Stat. § 14-27.5A is the statute under which Mr. Lee was convicted, and it provides as follows:

(a) A person is guilty of sexual battery if the person, for the purpose of sexual arousal, sexual gratification, or sexual abuse, engages in sexual contact with another person:

(1) By force and against the will of the other person; or

(2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know that the other person is mentally disabled, mentally incapacitated, or physically helpless.

(b) Any person who commits the offense defined in this section is guilty of a Class A1 misdemeanor.

On December 3, 2010, the Department of Homeland Security ("DHS"), of which ICE is a part, issued a Notice to Appear charging Mr. Lee with being removable from the United States under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based on Mr. Lee's sexual battery conviction. (Doc. 10 at 4). Held without bond, Mr. Lee sought a redetermination, claiming that he is eligible for release on bond because his underlying conviction is not an aggravated felony as defined in the statute. (Id. at 4-5). An Immigration Judge ("IJ") conducted a hearing[6] on December 15, 2010, and issued an order on January 3, 2011, denying Mr. Lee's bond request. (Id. at 5). The IJ examined the record of Mr. Lee's conviction and noted the following:

> The Indictment shows that the Respondent [Mr. Lee] was initially indicted under N.C.G.C. § 14-202.1(a)(1) for the charge of "Taking Indecent Liberties With a Child." It states that the Respondent "unlawfully, willfully, and feloniously did take or attempt to take immoral, improper, or indecent liberties with [a minor], who was under the age of sixteen years on the date of the offense, for the purpose of arousing or gratifying sexual desire." An Information was filed modifying the charge to Sexual Battery, alleging that the Respondent "unlawfully and willfully did for the purpose of sexual

---

[6] "[A] lawful permanent resident will not be considered 'properly included' in a mandatory detention category when an Immigration Judge or the Board is convinced that the [government] is substantially unlikely to establish at the merits hearing, or on appeal, the charge . . . that would otherwise subject the alien to mandatory detention." Matter of Joseph, 22 I. & N. Dec. 799, 806 (BIA 1999). The so-called Joseph hearing is the "hearing at which [the alien] would [be] entitled to raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category" and is provided to an alien detained without bond "who claims that he is not covered by [8 U.S.C.] § 1226(c)." Demore v. Hyung Joon Kim, 538 U.S. 510, 514 and n.3 (2003).

4

> gratification and arousal, engage in sexual contact with [a minor] by
> force and against her will." The sentencing document further shows
> that the Respondent was ordered to register as a sex offender and not
> reside in a household with any minor child. Thus, the documents in
> the Respondent's record of conviction demonstrate that the victim of
> the Respondent's sexual battery was a minor.

(Doc. 10 at 50-51). On that basis, the IJ concluded "by clear, unequivocal, and convincing evidence that [Mr. Lee] committed the aggravated felony of sexual abuse of a minor by physically maltreating a minor for sexual gratification." (Id. at 51). Therefore, the IJ found it "substantially likely that the [DHS] will sustain its charge of removability under INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]," concluded that Mr. Lee therefore "is subject to mandatory detention under section 236(c)(1) of the Act," and denied his motion for bond reconsideration. (Id.). The IJ also noted that, even if Mr. Lee were not included within INA § 236(c)'s mandatory detention class as an aggravated felon, he would not be eligible for release under INA § 236(a), 8 U.S.C. § 1226(a), because "[t]he serious nature of [his] conviction . . . make[s] him a danger to the community." (Id. at 51-52).

On February 2, 2011, Mr. Lee filed an appeal of the IJ's bond decision to the Board of Immigration Appeals ("BIA"). (See Doc. 10 at 29, Elliot Decl. ¶ 11). On April 15, 2011, the BIA affirmed the IJ's ruling for the reasons stated in the IJ's order and dismissed the appeal. (Doc. 13 at 11, Ex. B). The BIA explained:

> Upon review of the bond record, we do not find that it is "substantially
> unlikely" that the Department of Homeland Security (the DHS) will
> prevail on the removal charge under section 237(a)(2)(A)(iii) of the

[INA], 8 U.S.C. § 1227(a)(2)(A)(iii), in the underlying removal proceedings. *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). Thus, because that removal charge is one contained in section 236(c)(1)(B) of the Act, 8 U.S.C. § 1226(c)(1)(B), we agree with the Immigration Judge's conclusion, as the respondent is "properly included" in a mandatory detention category. *See Matter of Joseph, supra.* We note that our finding is only for the purposes of this bond appeal, and the ultimate finding of whether the respondent is removable as charged will be made in the removal proceedings.

(Id. (footnote omitted)).

Meanwhile, on March 22, 2011, the IJ ordered Mr. Lee removed from the United States. (Doc. 13 at 5-10, Ex. A; see also id. at 11 n.1, Ex. B). The IJ framed the issue as "whether [Mr. Lee's] conviction for Sexual Battery in violation of N.C. Gen. Stat. § 14-27.5A is an aggravated felony under INA § 101(a)(43)(A), which defines an aggravated felony as 'murder, rape, or sexual abuse of a minor.' " (Doc. 13 at 7, Ex. A). The IJ noted that in the INA there is no explicit definition of the crime of "sexual abuse of a minor," although both the BIA and the Eleventh Circuit have interpreted the meaning of that term. (Id. at 7-8). The IJ also noted that a "finding that a prior conviction constitutes an 'aggravated felony' must be supported by 'clear, unequivocal, and convincing evidence.' " (Id. at 8).

The IJ explained that if the statute of conviction "is divisible, meaning that the statutory language contains some offenses that would qualify as aggravated felonies and others that would not, then the court must look to the record of

6

conviction" to determine the nature of the offense.   (Id. (internal quotation omitted)).   Noting that Mr. Lee's statute of conviction refers to the victim as "another" or "other" person, the IJ concluded that this terminology "encompasses both adults and minors."   (Id.).   "Thus," the IJ reasoned, "the statute is divisible because it contains some offenses that would qualify as aggravated felonies and some that would not."   (Id. at 9).   The IJ concluded that because "the face of the statute does not specify whether the victim must be a minor, the Court may look to the record of conviction to determine whether the victim was in fact a minor."   (Id.)

The IJ reiterated his earlier assessment of Mr. Lee's record of conviction, which, he wrote, "demonstrate[s] that the victim of [Mr. Lee's] sexual battery was a minor."   (Id.)   The IJ then compared the language of Mr. Lee's statute of conviction, which "defines sexual battery as sexual contact for the purpose of 'sexual arousal' or 'sexual gratification,' " with the Eleventh Circuit's interpretation of "sexual abuse of a minor" in United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir.), cert. denied, 534 U.S. 913 (2001), where the court defined that term "to mean 'physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.' " (Doc. 13 at 9, Ex. A (quoting Padilla-Reyes, 247 F.3d at 1163)).   Based on his analysis, the IJ found "by clear, unequivocal, and convincing evidence that [Mr. Lee] committed the aggravated felony of sexual abuse

7

of a minor under INA § 101(a)(43)(A) by physically maltreating a minor for sexual gratification." (Id.).

It appears that Mr. Lee has appealed the IJ's order of removal to the BIA. (See Doc. 13 at 1).

## III.  Respondent Stone's Motion to Dismiss [Doc. 8]

In his motion to dismiss, Warden Stone states that he is an employee of the Corrections Corporation of America, the company that operates the North Georgia Detention Center—"a noncriminal holding facility for alien detainees"—under an intergovernmental service agreement with ICE. (Doc. 8 at 2). According to Warden Stone, Mr. Lee is not in his custody because he "has no power to hold or release this or other detainees." (Id.). Therefore, he argues, he is not a proper respondent to Mr. Lee's habeas corpus petition.  (Id. at 3).

Mr. Lee responds that the Supreme Court, in Rumsfield v. Padilla, 542 U.S. 426 (2004), held that the proper respondent in a habeas corpus challenge to present detention is the warden of the facility where the petitioner is detained, which, in this matter, is Warden Stone (or was when Mr. Lee filed his petition). (Doc. 9 at 1-3).

"[I]n habeas challenges to present physical confinement- - 'core challenges'- - . . . the proper respondent is the warden of the facility where the prisoner is being held, not . . . [a] remote supervisory official." Padilla, 542 U.S. at 435. The Padilla

8

Court also noted that "there is generally only one proper respondent to a given prisoner's habeas petition. . . .[,] 'the person' with the ability to produce the prisoner's body before the habeas court." <u>Id.</u> at 434-35.  The website for the North Georgia Detention Center lists Stacey Stone as the warden of that facility.  <u>See</u> www.cca.com/facility/north-georgia-detention-center (last visited August 11, 2011).  Accordingly, Stone was the "one proper respondent" to Mr. Lee's petition when Mr. Lee filed it.

However, because Mr. Lee has now been transferred to another facility, it serves no purpose for Warden Stone to remain as a Respondent as he is no longer Mr. Lee's immediate custodian, and there appears to be at least one other Respondent, i.e., Felicia Skinner, ICE Atlanta Field Office Director, within this Court's jurisdiction "who has legal authority to effectuate [Mr. Lee's] release." <u>See</u> <u>Padilla</u>, 542 U.S. at 434-35, 441.  Accordingly, the undersigned **recommends** that Warden Stone's motion to dismiss [Doc. 8] be **granted** and that he be **dismissed** from this action.

**IV.  <u>Respondents Skinner and Morton's Motion to Dismiss [Doc. 10]</u>**

Respondents Skinner and Morton argue that Mr. Lee's detention is mandated by 8 U.S.C. § 1226(c), which the Supreme Court found to be constitutional in <u>Demore v. Hyung Joon Kim</u>, 538 U.S. 510, 531-33 (2003), and they move to dismiss Mr. Lee's claims pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over Mr. Lee's petition because he has

9

not exhausted his administrative remedies.  (Doc. 10 at 6-16).[7]  They also contend that Mr. Lee is not otherwise entitled to injunctive relief because he has not demonstrated irreparable injury, he cannot demonstrate a substantial likelihood of success on the merits in his removal proceedings and his release would be adverse to the public interest.  (Id. at 16-22).  Accordingly, they ask the Court to deny and dismiss Mr. Lee's petition and his emergency motion in their entirety.  (Id. at 22).

Mr. Lee responds that he "is not challenging the constitutionality of INA § 236(c) [8 U.S.C. § 1226(c)] nor the government's right to detain individuals who meet the mandatory detention criteria of that statute[, but r]ather, [he] is challenging the government's right to detain him under the authority of that statute when he does not meet [its] criteria . . . and [he] thus shows the court that his detention [is] unequivocally unlawful."  (Doc. 11 at 2).  He argues that this Court has jurisdiction over his petition because he is not challenging a final order of removal, but rather his continued detention.  (Id. at 2-3).

Mr. Lee next argues that the basis upon which he is being held without bond, i.e., "that he has been convicted of an aggravated felony under the [INA], to wit: sexual abuse of a minor," is flawed because "[his] conviction for sexual battery is not a conviction for sexual abuse of a minor."  (Id. at 4 *et seq.*).  Mr. Lee then

---

[7] Respondents' motion to dismiss was filed on February 24, 2011, before the BIA's April 15, 2011 decision affirming the IJ's denial of bond.

10

notes "a long line of authority supporting the legal proposition that the exhaustion requirement is not applicable to habeas proceedings challenging the legality of detention of aliens when [the alien] is not challenging a removal/deportation order or removal/deportation proceedings." (Id. at 10 *et seq.*).  Finally, Mr. Lee argues that he is entitled to injunctive relief because his current detention, the first of his life, has caused him, and continues to cause him, irreparable harm; he "unequivocally has a substantial likelihood of success on the merits as he has not been convicted of an aggravated felony"; and there would be "no arguable damage to the government" or to the public interest should he be released because he "is certainly not a danger to the community . . . and it is clearly in the public interest that individuals lawfully residing in the United States are not subject to unlawful detention by the Department of Homeland Security." (Id. at 13-16).

## V.    **Discussion**

"The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.' "[8]   Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir.) (affirming denial of habeas petition for lack of administrative exhaustion where

---

[8] Moreover, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

petitioner did not appeal IJ's order of removal), <u>cert. denied</u>, 540 U.S. 1006 (2003).

As noted, Respondents contend that exhaustion of administrative remedies is

required before Mr. Lee can seek judicial review of his detention without bond by

the DHS, and Mr. Lee contends that it is not, but it appears in any event that with

the BIA's April 15, 2011 decision upholding the IJ's bond determination, Mr. Lee

has now exhausted those administrative remedies.  Based on the information

before the Court, it also appears that Mr. Lee has not yet exhausted the

administrative remedies available to him in connection with the IJ's March 22,

2011 removal order.  Mr. Lee makes clear that he is not seeking judicial review of

that order but that he only seeks judicial review of the DHS's detention of him

without bond. (Doc. 11 at 2-3, 9-10).  For the reasons that follow, the undersigned

concludes that this Court does not have jurisdiction to entertain Mr. Lee's petition

challenging his detention.

While the parties have not addressed 8 U.S.C. § 1226(e), the undersigned

finds it necessary to consider the effect of that provision on Mr. Lee's petition

challenging his detention without bond.  Pursuant to 8 U.S.C. § 1226(a), the

Attorney General has the discretion to release aliens on bond. By contrast,

8 U.S.C. § 1226(c), pursuant to which Mr. Lee is being detained, mandates the

Attorney General to take custody of any alien who is deportable because he has

committed an aggravated felony.  8 U.S.C. § 1226(e) addresses whether a custody

decision under § 1226(c) is judicially reviewable.  § 1226(e) provides:

> Judicial review. The Attorney General's discretionary judgment
> regarding the application of this section shall not be subject to review.
> No court may set aside any action or decision by the Attorney General
> under this section regarding the detention or release of any alien or
> the grant, revocation, or denial of bond or parole.

See also United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (stating

that district court lacked the authority to review "the IJ's decision to release

[appellant] on bond pending his immigration proceedings" and citing 8 U.S.C.

§ 1226(e)); Hyacinthe v. United States AG, 215 F. App'x 856, 862 n.7 (11th Cir.

2007) (unpublished opinion) (citing 8 U.S.C. § 1226(e) for the proposition that

court "lack[ed] jurisdiction over [petitioner's] claim that the IJ denied him due

process in 'failing to adequately consider' whether [he] was entitled to pre-trial

bond"). While the Supreme Court determined in Kim that § 1226(e) does not

deprive federal courts of jurisdiction to grant habeas relief to aliens challenging

their detention under § 1226(c) when the habeas petitioner "challenges the

statutory framework that permits his detention without bail," Kim, 538 U.S. at

516-17, Mr. Lee makes clear that he "is not challenging the constitutionality of

INA § 236(c) nor the government's right to detain individuals who meet the

mandatory detention criteria of that statute." (Doc. 11 at 2). Rather, he "is

challenging the government's right to detain him under the authority of that

statute when he does not meet the criteria of that statute." (Id.). Thus, Mr. Lee is

seeking judicial review of a "decision by the Attorney General under . . . section

[1226] regarding [his] detention . . . or denial of bond," and under the language of

13

§ 1226(e), it appears that the Court may not afford Mr. Lee such review.

Nevertheless, numerous courts that have addressed detention under § 1226 since the Kim decision have assumed, or held, that § 2241 may be used to address whether there are "substantive or procedural limits not found in the statute's text." See Bah v. Cangemi, 489 F. Supp. 2d 905, 919 (D. Minn. 2007) (listing cases and observing, "Given *Denmore[ v. Kim]'s* repeated references to the brief and finite duration of § 1226 detention, it is quite possible that the Constitution requires some time limits on that detention - - or at least that, as in *Zadvydas*, such time limits should be read into the statute to avoid constitutional problems.")[9]; see also Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011) ("Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law."); Al-Siddiqi v. Achim, 531 F.3d 490, 494 (7th Cir. 2008) ("The parties agree, as they must, that [8 U.S.C. § 1226(e)] strips us of our jurisdiction to review judgments designated as discretionary but does not deprive us of our authority to review statutory and

---

[9] In Zadvydas v. Davis, 533 U.S. 678, 688-89, 701 (2001) the Supreme Court held that 8 U.S.C. § 1231(a)(6), which permits detention of an alien beyond the 90-day removal period following a final order of removal (see 8 U.S.C. § 1231(a)(1)(A)), does not permit indefinite detention but contains an implicit limitation that detention is permitted only for "a period reasonably necessary to bring about th[e] alien's removal from the United States," which is presumed to be six months. In Akinwale v. Ashcroft, 287 F.3d 1050, 1052 & n.3 (11th Cir. 2002), the Eleventh Circuit stated that "the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."

14

constitutional challenges."). The undersigned concludes that § 1226(e) does not deprive this Court of subject matter jurisdiction over a § 2241 petition raising a Constitutional claim that there are substantive or procedural limits on detention pursuant to § 1226(c).

Turning to Mr. Lee's claims, the undersigned notes first that while Mr. Lee claims he has been denied due process of law, both procedural and substantive, he points to no procedure that was denied to him during the process of his bond determination and redetermination, and the Court is not aware of any such denial. Moreover, "detention during removal proceedings is . . . constitutionally permissible," Kim, 538 U.S. at 531, and, without more, such detention does not establish a violation of a detainee's substantive due process rights. See Hoang Minh Ly v. Hansen, 351 F.3d 263, 273 (6th Cir. 2003) ("We hold that [ICE] may detain *prima facie* removable criminal aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly."); Badio v. United States, 172 F. Supp. 2d 1200, 1206 (D. Minn. 2001) (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984), for the proposition that "[t]he scope of constitutional protections in deportation proceedings is more narrow than in a criminal proceeding" and stating that 8 U.S.C. § 1226(c)'s requirement for "mandatory detention . . . [of] a small class of aliens convicted of certain enumerated crimes," i.e., aggravated felons, "does not violate substantive due process").

15

While prolonged detention of Mr. Lee pursuant to § 1226(c) might, at some point, exceed what is reasonable and thus implicate his substantive due process rights, Mr. Lee does not at this point, as far as the undersigned can discern, base his claim on such an argument.[10]   In any event, the undersigned finds that the point at which mandatory detention under § 1226 would become constitutionally unreasonable has not yet been reached in Mr. Lee's case.  Mr. Lee alleges that he has been in DHS custody since December 2010.  He exhausted his administrative remedies with respect to his detention as of April 15, 2011; his appeal to the BIA of the IJ's March 22, 2011 removal order remains pending, so he has yet to exhaust his administrative remedies with respect to the removal question.  Even using the <u>Zadvydas</u> six-month period as a measure of what is "reasonable"—a standard that will not actually become applicable in Mr. Lee's case unless and until a final order of removal is entered—Mr. Lee's detention since the BIA's order denying his bond appeal has not exceeded six months and is reasonable.

The critical issue in evaluating whether this Court has jurisdiction over Mr. Lee's challenge to his mandatory detention under § 1226(c) is the **nature** of that challenge.  His challenge is that he is not subject to mandatory detention as a person convicted of an aggravated felony because his crime of conviction is not

---

[10] Rather, Mr. Lee's argument appears to be that **any** detention under § 1226(c) is a violation of his due process rights because he has been classified improperly as an aggravated felon.

properly classified as an aggravated felony.  That challenge is inextricably intertwined with the question whether Mr. Lee is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii).  But because judicial review of a removal order is limited to the court of appeals under 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."), the undersigned finds that review of the claim he asks this Court to entertain, i.e., "the government's right to detain [Mr. Lee] under the authority of [§ 1226(c)] when he does not meet [the statute's] criteria," is precluded by  8 U.S.C. § 1252(a)(5).  Any challenge that Mr. Lee might make to a final order of removal (should the BIA affirm the IJ's order that Mr. Lee be removed from the United States) would inevitably include the arguments he makes in support of his challenge to his detention without bond.  Those arguments must be addressed by the Eleventh Circuit, if at all. In <u>Singh</u>,[11] the court of appeals

---

[11] In <u>Singh</u>, the Ninth Circuit faced a slightly different set of circumstances from those of this case.  There, the BIA had affirmed the petitioner's order of removal, whereas here, the IJ's order of removal is still awaiting resolution by the BIA.  Apparently, before the BIA affirmed Singh's order of removal, he filed a habeas petition in the district court, challenging the denial of bond while he was awaiting the BIA's review of the removal order.  Then, after the BIA affirmed his removal, he filed a petition in the Ninth Circuit for review of his final order of removal.   Apparently, both petitions were pending before the Ninth Circuit.  <u>See</u> <u>id.</u>, 638 F.3d at 1200-02, 1210-11.

Although the Ninth Circuit granted Singh relief on his habeas challenge to his detention, based on procedural errors at his detention hearing, <u>id.</u> at 1209, it noted that "Singh also makes a substantive due process argument that the district court should have 'look[ed] to the underlying merits of [his] removal to determine if he has raised a substantial argument that he is unremovable' and therefore

17

addressed a similar issue and explained:

> Although as a technical matter Singh's habeas petition seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal, this portion of his habeas petition is wholly intertwined with the merits of his removal order. Singh makes the same argument in his habeas petition as he makes in his petition for review — that he is not removable because his convictions do not qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43)(G). Because this portion of his habeas petition "does nothing more than attack the IJ's removal order," we lack jurisdiction to review it other than on a petition for review.

638 F.3d at 1211 (internal citations omitted). The court elaborated:

> [Singh] explicitly asks the habeas court to evaluate whether "the Government is unlikely to prevail in removal proceedings because [he] has raised a substantial argument that he is not removable" in his pending petition for review. Singh therefore advocates for an odd system wherein the district court would examine the arguments against removal that an alien expects to present to this court in his petition for review, and potentially release him from detention based on a prediction about what this court is likely to conclude when it decides his pending petition for review.

Id. at 1212.

Here, the IJ and the BIA have ruled that Mr. Lee is not entitled to pre-removal release on bond because it is substantially likely (the IJ), or at least not substantially unlikely (the BIA), that the DHS will be able to establish that he is an aggravated felon subject to removal. The IJ now has ordered Mr. Lee removed after concluding that he is, in fact, an aggravated felon. As the BIA explained in

---

entitled to habeas relief," id. at 1210. The Ninth Circuit concluded that the district court properly held that it lacked jurisdiction to entertain that claim. Id. at 1211.

18

its bond appeal decision, "the ultimate finding of whether [Mr. Lee] is removable as charged will be made in the removal proceedings." (Doc. 13 at 11, Ex. B).[12] Any review of a final order of removal must be conducted by the Eleventh Circuit.  8 U.S.C. § 1252(a)(5).

## VI.   **Conclusion**

For the foregoing reasons,  the undersigned finds that this Court does not have jurisdiction to review the only substantive claim Mr. Lee makes in his habeas petition, namely, that he is entitled to release on bond because he is not an aggravated felon subject to removal from the United States, the same claim that would be before the Eleventh Circuit on a petition for review should the BIA affirm the IJ's order of removal. Accordingly, **IT IS RECOMMENDED** that Mr. Lee's Emergency Motion for Hearing and Adjudication [Doc. 4] be **DENIED**; that Respondent Stone's Motion to Dismiss [Doc. 8] and Respondents Felicia Skinner and John Morton's Motion to Dismiss [Doc. 10] be **GRANTED**, and that this action be **DISMISSED**.

---

[12] The undersigned notes that if, as is likely, the BIA affirms the IJ's order of removal, the federal courts will be deprived of jurisdiction over Mr. Lee's habeas petition. See De La Teja v. United States, 321 F.3d 1357, 1359, 1361-62 (11th Cir. 2003) (concluding that appeal from district court's denial of habeas petition challenging petitioner's continued detention under 8 U.S.C. § 1226(c) [also the basis for Mr. Lee's current detention] was moot because final order of removal had been entered during pendency of case, and, therefore, petitioner was "no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order").

It is well-established, based on the language of 28 U.S.C. § 2253(c)(1), that "a federal prisoner who proceeds under § 2241 does not need a COA," i.e., a certificate of appealability, to appeal the denial of a § 2241 petition.  <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1364 n.3 (11th Cir.), <u>cert. denied</u>, 540 U.S. 900 (2003). Although the undersigned has located no caselaw on point, in this or any other Circuit, the language of § 2253(c)(1) suggests that a detainee of an agency of the federal government who challenges his detention via § 2241, as Mr. Lee does here, also does not need a COA to proceed on appeal.  <u>See</u> 28 U.S.C. § 2253(c)(1) (requiring a COA in two circumstances: (A) when "the detention complained of arises out of process issued by a State court," or (B) when the appellant challenges "the final order in a proceeding under section 2255").  Because Mr. Lee fits into neither category set forth in § 2253(c)(1), the undersigned concludes that he does not require a COA to proceed on appeal in this matter.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO DIRECTED and RECOMMENDED** this 25th day of August, 2011.


*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

20